UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 09-36408-BKC-LMI |
| | Case No. 09-36418-BKC-LMI |
| CAPITOL INVESTMENTS USA, INC. and | |
| NEVIN KAREY SHAPIRO, Debtors. | |
| _____/ | |
| | |
| JOEL L. TABAS, TRUSTEE, | |
| | Adv. Case No. 11-2138-BKC-LMI |
| Plaintiff, | |
| v. | |
| | |
| LEWIS TEIN, P.L., LT NAUTICAL, LLC, | |
| GUY LEWIS and MICHAEL TEIN, | |
| | |
| Defendants | |
| _____/ | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR CONTINUANCE**

Defendants oppose Plaintiff's Motion for Continuance of Pretrial Conference, Trial, and all Related Deadlines (ECF No. 67), and state:

1. Despite having gathered documents and taken testimony in preparation for this proceeding for nearly 18 months, Plaintiff seeks to continue the trial because he claims there is insufficient time to conduct all necessary discovery to support his claims.

2. Defendants urgently desire a prompt resolution of this adversary proceeding, in which Messrs. Lewis and Tein, and their law firm, are being sued for almost $1 million, based on Plaintiff's theory --- which we will prove is utterly baseless – that their previous legal representation of Capitol Investments USA, Inc. and Nevin Shapiro was only a representation of Shapiro.

3. Messrs. Lewis and Tein have a long-scheduled trial in New York that will consume all of November and December. They are prepared to try this adversary proceeding in September, as contemplated by the existing pretrial order, or in October, and will provide expedited document production (to the extent the voluminous production they have already made does not satisfy Plaintiff's pending requests) and make themselves available on an expedited basis for the conclusion of their depositions.

4. It is unfair, after all this time, for Plaintiff to assert such a serious claim against these lawyers (including allegations that they took payments from Debtor Capitol Investments USA, Inc. in bad faith and with knowledge that they were receiving payments from parties who were not obligated to pay them), and now take the position that he is not ready to prove it. To the extent that he claims that he needs the depositions of Nevin Shapiro [1] or Roberto Torres to make his case, he should have made the necessary arrangements long before now, or he should now coordinate a date with Defendants' counsel to depose these witnesses in New York. Defendants wish to proceed with discovery on the most expedited track possible, including providing responses to the Trustee's written discovery on an accelerated basis, and will accommodate their schedules to get this case ready for trial immediately.

5. The burden, expense, distraction, and disruption of this proceeding fall on Defendants, not the Trustee. They are prepared for trial and request that the Court deny the continuance motion and set the case for trial in September or October.

---

[1] Ironically, Plaintiff is resisting *Defendants'* requests for discovery of *his* communications with Shapiro concerning this matter on the ground that they are "privileged" from discovery under his "joint interest" agreement with Shapiro.

2

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Co-Counsel for Defendants
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800
Fax.: (305) 372-3508
E-mail: cwt@kttlaw.com

By:  /s/Charles W. Throckmorton
     Charles W. Throckmorton
     Fla. Bar No. 286192

-and-

Kendall B. Coffey, Esq.
kcoffey@coffeyburlington.com
Fla. Bar No. 259861
Benjamin Brodsky, Esq.
bbrodsky@coffeyburlington.com
Fla. Bar No. 73748
COFFEY BURLINGTON
Co-Counsel for Defendants
2699 S. Bayshore Drive PH
Miami, FL 33133-5408
Tel. (305) 858-2900
Fax (305) 858-5261

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF this 11th day of August, 2011.

By:  /s/Charles W. Throckmorton
     Charles W. Throckmorton

3